# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM FLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:11-CV-16-DDN |
| | ) | |
| THOMAS CABRERRA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of William Floyd (registration no. 500964) for leave to commence this action without payment of the required filing fee.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.75, and an average monthly balance of $.70. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.75, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**The Complaint**

Plaintiff, an inmate at the Northeast Correctional Center, seeks monetary relief in this action brought pursuant to 42 U.S.C. §§ 1983 and 1985. In addition, plaintiff asserts pendent state-law claims for negligence and medical malpractice. Named as defendants are Ernest Jackson (dentist), Thomas Cabrerra (medical doctor), Jill Perkins (registered nurse), Robert Jarrett (dentist), Unknown Simmons (oral

surgeon), Correctional Medical Services, Inc., and Jackson Institutional Dental Services, Inc.

Plaintiff alleges that he sustained a gunshot wound in the face, which resulted in severe injury to the mandible bone and "a plethora of teeth." Plaintiff claims that, relative to these injuries, defendants have violated his constitutional rights in connection with the treatment he has received and the treatment that has been denied to him, largely on the basis of "the enormous costs and additional services required." Plaintiff further claims that, in retaliation for filing grievances, defendant Jackson discontinued his Ensure nutritional supplement drinks, which, in turn, has adversely and significantly affected his health. Plaintiff states that he is in excruciating, debilitating pain. The Court finds that plaintiffs § 1983 and pendent state-law claims are sufficient to proceed against defendants at this time. The Court will order defendants to respond to these allegations.

The Court will, however, dismiss plaintiff's § 1985 claims pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff does not set forth any claims relative to defendants' alleged violation of § 1985, but rather, merely includes this statute in the heading of his complaint. Moreover, § 1985 concerns conspiracies to interfere with civil rights. Although plaintiff does not specify under which subsection of § 1985 he is proceeding,

the Court will liberally construe the complaint under § 1985(3), which provides in pertinent part:

> If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Thus, to state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination; and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). In the instant action, nothing in the complaint indicates that plaintiff is a member of a protected class or that defendants were motivated by purposeful racial animus or class-based discrimination. As such, plaintiff's § 1985(3) claims will be dismissed, without prejudice, as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's 42 U.S.C. § 1985 claims are legally frivolous and fail to state a claim upon which relief can be granted, and are hereby **DISMISSED**, without prejudice. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to plaintiff's 42 U.S.C. § 1983 and pendent state-law claims, the Clerk shall issue process or cause process to be issued upon the complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Partial Dismissal of Claims shall accompany this Memorandum and Order.

Dated this 3rd Day of March, 2011.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE